UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FERNANDO SAINT-JEAN, | : | |
| Plaintiff, | : | Civ. Action No. 19-CV-10680 (ES)(MAH) |
| v. | : | |
| PALISADES INTERSTATE PARKWAY POLICE CHIEF MICHAEL COPPOLA, *et al.* | : | |
| | : | |
| Defendants. | | |

REPLY BRIEF IN SUPPORT OF DEFENDANT COPPOLA'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
Attorney for Defendants
R.J. Hughes Justice Complex
PO Box 112
Trenton, New Jersey 08625
Attorney for Defendant Palisades Interstate
Parkway Police Chief Michael Coppola
Christopher.Martin@law.njoag.gov
(609) 376-2864

Christopher E. Martin
Deputy Attorney General
  On the Brief

## PRELIMINARY STATEMENT

Plaintiff Fernando Saint-Jean ("Saint-Jean") has brought suit against various defendants alleging violations of his constitutional rights pursuant to 42 U.S.C. §§ 1983, 1988, and State law claims. Plaintiff, following dismissal of many claims by this Court, filed an Amended Complaint naming for the first-time former Palisades Interstate Parkway Police Chief Michael Coppola ("Coppola").

For the reasons contained in his initial moving papers and in this Reply Brief that follows, the movant Defendant Coppola respectfully requests that this Court grant his Motion to Dismiss Plaintiff's Amended Complaint with prejudice.

## PROCEDURAL HISTORY

Plaintiff filed his Complaint (Doc. 1), which did not include Coppola, and this Complaint was the subject of a motion to dismiss. The Court on December 28, 2020 issued an Opinion dismissing many parties and claims (Doc. 57). Defendant parties that were not dismissed have filed an appeal for relief to the Third Circuit Court of Appeals. Plaintiff filed an Amended Complaint, for the first-time naming Coppola (Doc.59). Coppola now moves to dismiss pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6). This Court has already dismissed all claims based upon sovereign immunity, all supervisory claims, all substantive and due process claims. These claims must be dismissed as to Coppola as well along with remaining claims asserted against him.

## STATEMENT OF FACTS[1]

Plaintiff alleges that Coppola at all relevant times was acting within the scope of his employment with the Palisades Interstate Park Commission ("PIPC") and its police department

---

[1]The allegations in plaintiff's complaint are accepted as true solely for purposes of this motion to dismiss pursuant to *Fed. R. Civ. P.* 12(b)(6).

(Doc. 59, ¶ 7).  Plaintiff seeks recovery from alleged civil rights violations under the Fourth and Fourteenth Amendments to the U.S. Constitution and for unlawful arrest and seizure as well as malicious prosecution (Doc. 59, ¶ 13-14).  Plaintiff asserts a Statement of Relevant Facts, none of which address Coppola at all (Doc. 59, ¶ 15-88).  Coppola has no personal involvement with any of the allegations made in this matter. Plaintiff contends in his Third Count that Coppola failed to supervise and train, but gives no facts to support his allegations, only stating allegations upon information and belief with no information or beliefs supplied; moreover this is not a class action suit but a one plaintiff matter and the allegations are for relief entitlement for multiple unknown alleged individuals (Doc. 59, ¶ 123-146).  The Fourth and Fifth Counts seek relief for false imprisonment, malicious abuse of process and malicious prosecution, with all such claims being devoid of any involvement by Coppola. Overall, Plaintiff's claims in totality against Coppola should be dismissed for failure to state a claim.

This Motion to Dismiss in lieu of an Answer now has been opposed, yet factually plaintiff provides nothing which would allow for this case to move forward against Coppola. Inadmissible newspaper articles cited in a footnote by plaintiff do not allow for a fishing expedition with no valid claims to proceed. As this Court's Opinion previously noted: Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (Doc. 57, p. 8).

## **STANDARD OF REVIEW**

There are two working principles underlying the motion to dismiss standard pursuant to *Fed. R. Civ. P.* 12(b)(6). First, "the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Instead, legal conclusions "must be supported by factual allegations" in order to be "entitled to the assumption of truth." *Id.* at 1950.

Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). This standard is not a probability requirement, but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

In other words, a complaint that pleads facts "merely consistent with a defendant's liability" raises the possibility that the defendant is liable for the alleged misconduct, but "stops short of the line" of plausibility required for entitlement to relief. *Id.* When the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (citing *Fed. R. Civ. P.* 8(a)(2)) (quotations omitted).

Here there are no well-pled factual allegations to assume veracity to then "determine whether they plausibly give rise to an entitlement for relief. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Although a court may, at times, consider "matters of public record" on a motion to dismiss, nothing plaintiff provides in this instance meets the definition a public record to be judicially noticed. *Beverly Enters., Inc. v. Trump,* 182 F.3d 183, 190 n.3 (3d Cir. 1999).

## ARGUMENT

### I.  PLAINTIFF AGREES COPPOLA CANNOT BE SUED IN HIS OFFICIAL CAPACITY, BUT CLAIMS AGAINST COPPOLA INDIVIDUALLY MUST BE DISMISSED AS WELL

Plaintiff does not oppose that any § 1983 claims brought against Coppola as a State Defendant in his official capacities must be dismissed because Defendant is not a "person" amenable to suit under 42 U.S.C. § 1983.

To be liable within the meaning of the statute, a defendant must be a "person."  The Supreme Court of the United States has held that "States are not 'persons' within the meaning of § 1983 and, therefore, cannot be among those held liable for violations of the civil rights statute." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1995) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)).  Additionally, in *Will*, the Supreme Court specifically held that state agencies and officials acting in their official capacity are not "persons" under § 1983.  491 U.S. at 70-71.

The Supreme Court also found that, in enacting § 1983, Congress did not intend to override well-established common law immunities or defenses, specifically that of a state not to be sued without its consent.  *Id.* at 71.  While § 1983 is a remedy for an official violation of federal rights, it "does not suggest that the State itself was a person that Congress intended to be subject to liability."  *Id.* at 68.

The Amended Complaint is fatally flawed as it never indicates how Coppola had personal involvement in this matter in any way; absolutely nothing is shown through personal direction, knowledge or acquiescence. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)

In this case, Plaintiff's claims against the State agencies have been dismissed. Now for the

first-time claims are made against Coppola in both his individual and official capacities, somehow under the belief that he can stand in the shoes of a state agency. However, the State and its agencies, here the PIPC and its police department, are not "persons" for purposes of § 1983 and 1988, nor similarly for NJCRA, and have not consented to suit. Likewise, Coppola, in his official capacities, is not a "person" under the statutes.

Significantly, plaintiff's opposition regurgitates the empty allegations of the Amended Complaint which do not provide the basis to hold Coppola in this matter. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In light of *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly*, the plaintiff's pursuit of an individual claim against Coppola through *Harris v. Soto* (citation omitted) (Doc. 94, p. 7) is futile. Therefore, any claims against the State, the Department and the individual State Defendant, Coppola, in his official and individual capacities must be dismissed with prejudice.

## II. Plaintiff's Complaint Against Coppola In His Official And Individual Capacities Is Barred By The Eleventh Amendment

The Eleventh Amendment prohibition against federal lawsuits for damages against the State also applies when a state official is sued for damages in his or her official capacity. *Kentucky v. Graham*, 473 U.S. 159 (1985); *McClary v. O'Hare*, 786 F.2d 83 (2d Cir. 1986); *Miller v. Rutgers*, 619 F. Supp. 1386 (D.N.J. 1985). While prospective relief may be sought against state officials acting in their official capacity, a monetary award indistinguishable from one against the state itself is prohibited by the Eleventh Amendment, even when a suit is filed against nominal state officials. *Miller*, 619 F. Supp. at 1392-93.

In this case, Coppola in his official capacity is entitled to Eleventh Amendment immunity, which has not been waived. Therefore, Plaintiff's claims against Coppola in his official capacity

must be dismissed with prejudice because he is entitled to Eleventh Amendment immunity from suit.

In an individual capacity, the claims as asserted by plaintiff must be dismissed as they do not articulate under the *Ashcroft v. Iqbal, supra*, standard any claims for relief which could be pursued under the principle that the Eleventh Amendment provides no shield for a state official that he individually deprived another of a federal right under the color of state law. *Scheuer v. Rhodes,* 416 U.S. 232, 237, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### III.    PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. §1983 & 1988.

A claim pursuant to 42 U.S.C. §1988 must fail when the Section 1983 claim fails. The claims must be pled with factual specificity by alleging actions which show that the defendant somehow is in violation; mere conclusory allegations are insufficient to support a claim. *See Church of Human Potential, Inc. v. Vorsky*, 636 F. Supp. 93, 96 (D.N.J. 1986); *Hauptmann v. Wilentz*, 570 F.Supp. 351, 385 (D.N.J. 1983), aff'd. 770 F.2d 1070 (3d. Cir. 1985).  In *Church of Human Potential,* the plaintiff's cause of action was dismissed because he made mere conclusory allegations. *Church of Human Potential*, 636 F. Supp. at 96.

Here, Plaintiff has failed to allege any facts to properly state a claim.  Plaintiff does not set forth any facts to support these claims other than his own conclusory statements. The facts fail to state anywhere in the Amended Complaint any conduct by Coppola towards Plaintiff.  Plaintiff also cannot show that defendant deprived him of rights in terms of training and supervision. Indeed, plaintiff offers no facts whatsoever beyond mere conclusory allegations against Coppola. Here plaintiff's Amended Complaint fails on its face as a matter of law and any opposition brief cannot add more facts to the analysis. Moreover, what is claimed to be the subject of judicial notice

in this instance is barred for that type of consideration by *Fed. R. Evid*. 201; *Rice v. Miller*, 455 N.J. 90, 102 (App. Div. 2018).

For these reasons, plaintiff's cause of action under 42 U.S.C. §1983 and 1988 must be dismissed with prejudice on all grounds.

## IV.    PLAINTIFF'S SUPERVISORY AND TRAINING LIABILITY CLAIMS MUST BE DISMISSED

To the extent that Plaintiff's Complaint alleges Coppola failed to supervise and/or train, this claim should be dismissed because he has failed to plead sufficient facts to establish supervisory and training liability under § 1983, in either an official or individual capacity.

Government supervisors cannot be held liable for the "unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 566 U.S. at 676. Rather, there are two general ways that a supervisor can be held liable for his actions under § 1983. *Barkes v. First Correctional Medical, Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *overruled on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor can be held liable when with "deliberate indifference to the consequences," he establishes or maintains "a policy, practice, or custom which directly caused [a] constitutional harm. *Id.* (citing *A.M. Ex Rel. J.M.K. v. Luzerne County Juvenile Det. Ctr.*, 372 F.3d 572 (3d Cir. 2004)) Second, a supervisor may be personally liable under § 1983 if he "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* (internal citation and quotation marks omitted). Here, Plaintiff's claims fail because he generally asserts that multiple Defendants failed to properly train and/or supervise, with no facts attributable at all to Coppola.

As set forth above in terms of what is presented in the Amended Complaint, as opposed to

improper requests for judicial notice, there is not one citation to any policy, training or supervisory conduct which depicts Coppola having anything to do with the plaintiff or having any personal involvement with the plaintiff.

These claims must be dismissed as a matter of law.

## V.    PENDENT CLAIMS BY PLAINTIFF ARE IMPROPER

The Amended Complaint is without factual basis in regard to the pendent claims.  In addition, the Amended Complaint fails to identify any personal involvement by Coppola. A defendant "must have personal involvement in the alleged wrongs." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Actual participation or knowledge must be set forth. Baker v. Monroe Twp., 50 F.3d 1186, 1194 (3d Cir. 1995).

Specifically, plaintiff actually sets forth in great detail how Coppola had nothing to do with false imprisonment, malicious abuse of process or malicious prosecution. Plaintiff fails to provide any factual support to reflect personal involvement, individually or otherwise, and fails to state a claim in this regard legally or factually in the Amended Complaint against Coppola.

## **CONCLUSION**

Based upon the initial moving papers and the foregoing Reply Brief, Palisades Interstate Parkway Police Chief Michael Coppola's Motion to Dismiss the Complaint with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), should be granted. Moreover, plaintiff has already been allowed by this Court to replead and should not be afforded yet another opportunity to do so in this regard. Plaintiff should not be allowed to have the ability to invent causes of action through discovery which do not exist.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By:     /s/ Christopher E. Martin
        Christopher E. Martin
        Deputy Attorney General

Dated:  June 9, 2021