**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

December 9, 2021

**LETTER OPINION AND ORDER**

Re: *Saint-Jean v. Holland et al.*,
    Civil Action No. 19-10680 (ES) (MAH)

Dear counsel:

### I. BACKGROUND

This case arose after Fernando Saint-Jean ("Plaintiff"), an out-of-state resident and Black male of Haitian decent, was pulled over for driving with tinted windows and subsequently arrested for possession of a controlled substance, which turned out to be Valentine's Day candies. (*See* D.E. No. 1 ("Initial Complaint")). On April 22, 2019, Plaintiff initiated this action against Bergen County, Palisades Interstate Park Commission ("PIPC"), Palisades Interstate Parkway Police Department ("PIPPD"), Prosecutor Andrew Samson, and police officers Michael Holland, Fabricio Salazar, Peter Wojckik and Richard Dey. (*Id.*). Plaintiff alleged various claims under 42 U.S.C. § 1983 for substantive and procedural due process violations, false arrest, malicious prosecution, failure to supervise and a *Monell* claim. (*Id.* ¶¶ 70–140). In addition, Plaintiff brought state law claims for false imprisonment and malicious prosecution. (*Id.* ¶¶ 132–46).

On July 2, 2019, Plaintiff voluntarily dismissed Bergen County from the action. (D.E. No. 5). Thereafter, the remaining defendants moved to dismiss the Initial Complaint. (D.E. No. 29). On December 24, 2019, Defendants moved to stay discovery pending the Court's resolution of their motion to dismiss, citing their alleged immunities at issue in the motion. (D.E. No. 36). The Honorable Judge Michael A. Hammer, United States Magistrate Judge, denied the motion to stay, but indicated that he would reconsider the propriety of a stay if the motion to dismiss remained pending before the deposition phase of discovery. (D.E. Nos. 40 & 41). On March 5, 2020, Defendants appealed Judge Hammer's decision to the Undersigned. (D.E. No. 42).

Consistent with his prior representation that he would reconsider a stay, on December 2, 2020, Judge Hammer stayed discovery pending resolution of the motion to dismiss. (D.E. No. 56). Shortly thereafter, on December 28, 2020, the Honorable Judge Kevin McNulty[1] issued an Opinion & Order granting in part and denying in part the motion to dismiss. (D.E. Nos. 57 & 58). Judge McNulty granted the motion as to defendants PIPC, PIPPD, and Prosecutor Sampson in light of

---

[1] Due to exigent circumstances, the case was reassigned to Judge McNulty for the limited purpose of deciding the motion to dismiss.

1

their sovereign and prosecutorial immunities. (D.E. No. 57 at 8–13). As to Michael Holland, Fabricio Salazar, Peter Wojckik, and Richard Dey (together, the "Officer Defendants"), Judge McNulty granted the motion in-part, dismissing Plaintiff's claims for substantive and procedural due process violations and his failure to supervise claim under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 36–39). Plaintiff's false arrest and malicious prosecution claims, as well as his pendent state law claims, survived because he adequately alleged that the Officer Defendants lacked probable cause, and Judge McNulty found that the undeveloped factual record precluded dismissal on the basis of qualified immunity. (*Id.* at 14–36 & 43–44). Judge McNulty permitted Plaintiff to file an amended complaint to cure the pleading deficiencies identified in the Opinion within thirty days. (*Id.* at 44; D.E. No. 58 at 2). Plaintiff filed an amended complaint on January 22, 2021, realleging the surviving claims against the Officer Defendants, omitting all previously dismissed claims and parties, and adding PIPC police chief Michael Coppola as a defendant. (D.E. No. 59 ("Amended Complaint")).[2]

Five days after Plaintiff filed the Amended Complaint, the Officer Defendants filed an interlocutory appeal of Judge McNulty's decision to the Third Circuit ("Appeal"). (D.E. No. 60). Defendants' Appeal is premised on the collateral order doctrine, which permits interlocutory review of whether defendants are entitled to qualified immunity as a matter of law. (D.E. Nos. 100 & 106 at 2). On February 7, 2021, the Officer Defendants moved to stay these proceedings because, in their view, this Court no longer has jurisdiction in light of the Appeal.[3] (D.E. No. 63). After the motion to stay was fully briefed, the Officer Defendants moved to partially dismiss the Amended Complaint, seeking dismissal of all claims pertaining to Plaintiff's arrest for possession of a controlled substance—*i.e.*, those claims already addressed by Judge McNulty in the Opinion & Order. (D.E. No. 72). Newly added defendant Michael Coppola separately moved to dismiss all claims lodged against him in the Amended Complaint. (D.E. No. 88).

On April 29, 2021, Judge Hammer denied the Officer Defendants' motion to stay pending the Appeal. (D.E. Nos. 80 & 82 ("Order Denying the Stay")). Judge Hammer found that the Defendants did not demonstrate a clear right to appeal under the collateral order doctrine because Judge McNulty declined to deny qualified immunity as a matter of law, but rather explained that he could not decide the issue on the current, undeveloped record. (D.E. No. 82 at 8:4–10 & 11:4–9). Accordingly, Judge Hammer found that this Court retained jurisdiction over the matter and that, on balance, certain factors weighed against a stay. (*Id.* at 8:24–9:1 & 11:16–13:13). The Officer Defendants appealed Judge Hammer's Order Denying the Stay to the Undersigned (D.E. No. 86), leaving three motions pending before the District Court: two motions to dismiss the Amended Complaint and the appeal denying the stay.

In light of the complicated procedural posture outlined above, the Undersigned held a status conference with the parties on October 15, 2021. (D.E. No. 99). The Court expressed concerns

---

[2]   In recent correspondence to the Court, the Officer Defendants maintain—for what appears to be the first time—that Plaintiff never received leave of Court to file an amended complaint, as required by Judge McNulty's Opinion and Order. (D.E. No. 106 at 2; D.E. No. 58 at 2 (ordering that "within 30 days," Plaintiff may file "*a proposed* amended complaint that addresses the deficiencies identified in the Court's Opinion" (emphasis added)). His Honor's Opinion, however, specifically addressed—and granted—Plaintiff's request for an opportunity to cure any pleading deficiencies identified by the Court. (D.E. No. 57 at 44). Regardless, the Officer Defendants never objected to Plaintiff's failure to request leave. Rather, the Officer Defendants sought a fourteen-day extension to respond to the Amended Complaint on the eve of their deadline, and subsequently filed another motion to dismiss. (D.E. Nos. 65 & 72). Undoubtedly, over the last several months, this argument has spoiled.

[3]   However, on February 1, 2021, the Third Circuit ordered briefing on whether it has jurisdiction to hear the Officer Defendants' Appeal within the meaning of 28 U.S.C. § 1291, or is otherwise appealable. (D.E. No. 79).

as to the Appeal's validity because Plaintiff filed the Amended Complaint five days *before* the Officer Defendants appealed. (*See* D.E. Nos. 100 & 106; *compare* D.E. No. 59, *with* D.E. No. 60). The Court also expressed hesitancy to act on the pending motions—particularly the motions to dismiss—with the Appeal pending. (*See* D.E. Nos. 100 & 106). Despite the Court's best efforts to streamline this litigation, the case remains in a complicated procedural posture with three motions before the District Court and the Appeal to the Third Circuit, which contains issues that overlap with those raised in the District Court motions.[4] The Third Circuit has been apprised of the procedural posture in this case, but resolution of the Appeal—in terms of jurisdiction and/or on the merits—remains to be seen.

Although the Officer Defendants' appeal of the Order Denying the Stay is ripe for review, the Court will consider anew whether a stay is appropriate at this juncture. Judge Hammer's decision—whether it was correct or not—was issued nearly seven months ago, and there have been numerous developments in the case since then. Thus, the Court will exercise its broad discretionary powers to control the disposition of the causes on its docket and consider *sua sponte* whether a stay is necessary in this matter as of today. For the reasons set forth below, the Court will stay this case pending resolution of the Appeal.

## II. JURISDICTION

At the outset, whether the Court has jurisdiction over this case pending an appeal premised on the collateral order doctrine remains murky. "Once a notice of appeal on an appealable issue such as qualified immunity is filed, the status quo is that the district court has lost jurisdiction to proceed." *Stewart v. Donges*, 915 F.2d 572, 577–78 (10th Cir. 1990). "To regain jurisdiction, it must take the affirmative step of certifying the appeal as frivolous or forfeited, and until that step is taken it simply lacks jurisdiction to proceed with the trial." *Id.*; *United States v. Leppo*, 634 F.2d 101, 105 (3d Cir. 1980); *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 400 (5th Cir. 2017) ("Importantly, this rule is a permissive one: the district court *may* keep jurisdiction, but is not required to do so."); *City of New York v. Beretta U.S.A. Corp.*, 234 F.R.D. 46, 51 (E.D.N.Y. 2006).

Here, the Court previously expressed two reasons why Defendants' appeal may be frivolous or beyond the narrow scope of the collateral order doctrine: (1) the fact that the Amended Complaint was filed before the Officer Defendants appealed; and (2) the fact that Judge McNulty denied qualified immunity based on an undeveloped factual record. But the Court has not gone so far as to certify that the appeal is frivolous, and it is not inclined to do so because the Third Circuit has ordered briefing on these same issues. Furthermore, even if the Court is confident in Judge McNulty's decision—finding that the Initial Complaint contained enough factual allegations to survive the motion to dismiss but insufficient allegations to rule on the qualified immunity defense—the Court will not represent that the Appeal is wholly without prospective argument. *See David v. Betts*, No. 20-0002, 2021 WL 2355391, at *4 (D. Haw. June 9, 2021) ("Even if the court believes it was correct (indeed, even if the Ninth Circuit ultimately affirms the court's decision), the court cannot say that an appeal would be completely baseless such that 'nothing can be said on the other side.'"). Without such a certification, it appears the Court lacks jurisdiction over the case. Regardless, however, even if the Court were to certify the Appeal as frivolous and assume dual jurisdiction with the Third Circuit, the Court finds that a stay is appropriate. *See, e.g.*, *Cordero v. Froats*, No. 13-0031, 2015 WL 12862514, at *1 (D.N.M. Apr. 2, 2015) ("Because the

---

[4] In the interest of efficiency, the Court administratively terminated the motions to dismiss pending resolution of the appeal of the Order Denying the Stay. (D.E. No. 107).

jurisdictional issue is currently before the Tenth Circuit, and because this Court does not want to proceed piecemeal on this case, the Court will grant [d]efendants' motion for a stay of all proceedings."); *see Peck v. Cty. of Orange*, 528 F. Supp. 3d 1100, 1104–05 (C.D. Cal. 2021) (noting that while the court retained jurisdiction over some claims that were not the subject of interlocutory appeal, "a stay pending appeal may nevertheless be warranted").

### III. LEGAL STANDARD

District courts retain broad discretionary powers to stay the matters before them. *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976) (citing *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936)). A district court's authority to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Landis*, 299 U.S. at 254–55). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (quoting *Landis*, 299 U.S. at 254–55).

When determining whether to exercise that authority, a court must consider: "(1) whether the proposed stay would prejudice the non-moving party, (2) whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and (3) whether granting the stay would further the interest of judicial economy." *Konopca v. Ctr. for Excellence in Higher Educ., Inc.*, No. 15-5340, 2016 WL 4644461, at *2 (D.N.J. Sept. 6, 2016); *see Horizon Pharma, Inc. v. Dr. Reddy's Labs., Inc.*, No. 15-3324, 2017 WL 3704614, at *2 (D.N.J. Aug. 25, 2017).[5]

### IV. DISCUSSION

Undoubtedly, there are competing interests at play in balancing the hardships of the Officer Defendants should the case proceed, and the hardships of the Plaintiff should the case be stayed. On the one hand, the Officer Defendants' right to their defense of qualified immunity—the subject of the Appeal—is a "weighty interest" in support of a discretionary stay. *Feibush v. Johnson*, 280 F. Supp. 3d 663, 664–66 (E.D. Pa. 2017) (assessing the propriety of a stay of discovery pending resolution of a motion to dismiss) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed.")). On the other hand, Plaintiff has an interest in the timely adjudication of his claims. *See Sanchez v. Hartley*, No. 13-1945, 2016 WL 7176718, at *7 (D. Colo. Apr. 26, 2016) ("It seems reasonable to ask at what point does staying discovery in deference to the qualified immunity defense unfairly impinge upon a private citizen's ability to obtain timely vindication of their constitutional protections. I readily concede that my question is easier to ask than to answer."). On this score, the Court cannot overlook that this case has been actively litigated. Indeed, notwithstanding a brief pause on discovery in December 2020 (D.E. No. 56), Plaintiff has had the benefit of various forms of written

---

[5] There is a recognized standard for stays pending appeals which calls for an analysis of the preliminary injunction factors. *Nken v. Holder*, 556 U.S. 418, 425–26 (2009). But that standard appears to apply under different circumstances than those present here: staying an order or judgment pending an appeal, as opposed to staying proceedings on all claims related to the defense of qualified immunity. *See Peck*, 528 F. Supp. 3d at 1105–06 (agreeing with courts that have directly confronted the *Nken* standard and "have overwhelmingly concluded that the *Landis* test or something similar governs" because the relevant considerations, when dealing with an interlocutory appeal of claims subject to the qualified immunity defense, "are more akin to those the *Landis* test is designed to address"); *Andrade Rico v. Beard*, No. 17-1402, 2019 WL 4127206, at *7 (E.D. Cal. Aug. 30, 2019); *see also Mondis Tech. Ltd. v. LG Elecs., Inc.*, No. 15-4431, 2020 WL 3097472, at *1–2 (D.N.J. June 11, 2020).

discovery until this time. Thus, while the balance of these hardships may be close, the scale tips in favor of the Officer Defendants.

Judicial economy and related considerations weigh heavily in favor of a stay. Currently, issues with respect to the Third Circuit's jurisdiction are being briefed before the Third Circuit merits panel. *See Saint-Jean v. Palisades Interstate Park, et al.*, No. 21-1162, D.E. No. 17-1. These same issues underpin the appeal of Judge Hammer's Order Denying the Stay, which is pending before this Court. Moreover, as outlined *supra*, the Court is faced with two motions to dismiss the Amended Complaint, which became operative five days *prior to* the Appeal. This procedural posture essentially puts the exact same issues before this Court and the Third Circuit Court of Appeals. Specifically, the Appeal challenges Judge McNulty's finding that the undeveloped factual record precluded dismissal of Plaintiff's federal and state false arrest and malicious prosecution claims against the Officer Defendants on the basis of qualified immunity. And those same arguments are before the Court in the Officer Defendants' motion to dismiss the Amended Complaint.[6] Undoubtedly, it would promote judicial economy, preserve judicial resources, and avoid the duplication of efforts to allow the Appeal to proceed before this Court adjudicates the same issues. *See MEI, Inc. v. JCM Am. Corp.*, No. 09-0351, 2009 WL 3335866, at * 5 (D.N.J. Oct. 15, 2009) ("For the Court to now expend the effort to wade through the parties' voluminous submissions and to reach a decision that may ultimately be set aside is a waste of precious resources-both for the Court and for the litigants."); *see also Locke v. Wetzel*, No. 19-0499, 2020 WL 5506435 (M.D. Pa. Sept. 11, 2020) (concluding that a stay would "promote judicial economy" because resolution of a pending appeal involving the same defendants in a separate case would provide "clarification as to whether the [d]efendants in the present matter are protected by qualified immunity").

V.   **CONCLUSION**

Accordingly, the Court exercises its discretion to control the causes on its docket and finds that it is appropriate to stay this matter pending resolution of the Appeal. *See Bechtel Corp.*, 544 F.2d at 1215 (citing *Landis*, 299 U.S. at 254–55); *Est. of Maglioli v. Andover Subacute Rehab. Ctr. I*, No. 21-2114, 2021 WL 2525714, at *5 (D.N.J. June 18, 2021) (finding a discretionary stay warranted where "[t]he outcome of [d]efendants' [interlocutory] appeal will fundamentally affect the outcome of [p]laintiffs' pending motions [before the district court]"); *see also Locke*, 2020 WL 5506435. Consistent with the Court's obligation to ensure that a stay is appropriate in scope, it will require periodic updates from the parties and immediate notification upon the Third Circuit's resolution of the Appeal.

Accordingly, IT IS on this 9th day of December, 2021,

**ORDERED** that this action is administratively STAYED pending resolution of the Appeal to the Third Circuit; and it is further

**ORDERED** that the Officer Defendants' appeal of Judge Hammer's Order Denying the Stay (D.E. No. 86) is DENIED as moot; and it is further

---

[6] In addition, the Court recognizes that the pending motion to dismiss filed by newly added defendant Michael Coppola raises issues that may not be encompassed in the Appeal. However, resolution of the Appeal might affect all parties, and judicial economy will not be served by moving this litigation forward in piece-meal fashion. *See Peck*, 528 F. Supp. 3d at 1104–07.

5

**ORDERED** that defendants' motions to dismiss (D.E. Nos. 72 & 88) shall remain administratively TERMINATED; and it is further

**ORDERED** that the parties shall submit a one-page joint status letter every sixty (60) days from the conclusion of briefing before the Third Circuit merits panel, addressing the progress of the Appeal; and it is further

**ORDERED** that upon resolution of the Appeal, the parties shall immediately notify this Court.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
