

# State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
P.O. BOX 116
TRENTON, NJ 08625-0116

PHILIP D. MURPHY
*Governor*

TAHESHA WAY
*Lt. Governor*

MATHEW J. PLATKIN
*Attorney General*

MICHAEL T.G. LONG
*Director*

April 4, 2024

**Via Electronic Filing (CM/ECF)**
The Honorable Michael A. Hammer, U.S.M.J.
Martin Luther King Building and U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re: <u>Fernando Saint-Jean v. Bergen County, et al.</u>
        Civil Action No. 2:19-CV-10680-ES-MAH
        DOL# 19-01617

Dear Judge Hammer:

    I represent Defendants, Michael Holland, Fabricio M. Salazar, Peter Wojckik, and Richard Dey ("Palisades Defendants") in the above matter. The Palisades Defendants write to the Court to request an order striking Jefferson Saint-Jean from Plaintiff's Rule 26 disclosures and bar any reliance on his testimony during dispositive motion practice and/or at trial, if necessary, given Plaintiff's continued failure to provide the Palisades Defendants with a viable address to allow the Palisades Defendants to conduct the deposition of Jefferson Saint-Jean as discussed herein.

    As previously set forth in the Palisades Defendants letters to this court, *see* ECF Nos. 140 and 146, on November 29, 2023, the Palisades Defendants wrote to the Court requesting a case management conference to secure Plaintiff's cooperation with the Palisades Defendants' sincere attempts to comply with this Court's prior Amended Scheduling Order and to provide the Palisades Defendants additional time



HUGHES JUSTICE COMPLEX • TELEPHONE: 609-815-2985 • FAX: 609-633-7434
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

to conduct the depositions of Jefferson Saint-Jean and Roseman Saint-Jean, two fact witnesses with relevant information regarding Plaintiff's arrest who are listed in Plaintiff's Rule 26 disclosures. *See* ECF No. 140. In response to that letter, Plaintiff seemingly provided updated addresses for Roseman and Jefferson Saint-Jean. *See* ECF No. 141. Plaintiff's letter provided the following updated addresses for Jefferson Saint-Jean and Roseman Saint-Jean:

**Jefferson Saint-Jean: 369 Spring Street, Apt. #3, Brockton, MA 02301**
**Roseman Saint-Jean: 20 Melvin St., Apt. #1, Somerville MA 02145**

Accordingly, on December 8, 2023, DGR Legal, Inc., attempted to serve Jefferson and Roseman Saint-Jean at the addresses listed above as provided by Plaintiff. However, as to Jefferson Saint-Jean, DGR Legal, Inc., indicated the occupant who answered the door claimed she lived at 369 Spring Street, Apt. #3, Brockton, MA 02301 since 2019 and has never heard of Jefferson Saint-Jean. *See* ECF No. 146 at Exhibit A. Moreover, for Roseman Saint-Jean, DGR Legal, Inc., indicated the occupant of the address claimed Roseman Saint-Jean did not reside there. *See ibid.*

Thereafter, the Palisades Defendants sent Plaintiff's counsel four emails requesting updated addresses. However, the Palisades Defendants received no response for updated addresses for either Jefferson or Roseman Saint-Jean. Under the prior scheduling order, subpoenas for Jefferson or Roseman Saint-Jean were to be served by December 31, 2023. But, service of the subpoenas was not possible given Plaintiff's inability to provide any updated addresses. The Palisades Defendants' ability to defend against Plaintiff's claims is severely prejudiced based on their inability to depose key witnesses with discoverable information as listed by Plaintiff in his Rule 26 disclosures. More importantly, Jefferson Saint-Jean is the only other witness present at the scene of Plaintiff's arrest outside of Plaintiff and the Palisades Defendants. Accordingly, his testimony is paramount to the defense of this case, if Plaintiff intends to provide any sworn written statement from him on a motion for summary judgment or intends to call him as a trial witness.

As a result of the above, the Palisades Defendants sent Plaintiff's counsel a final correspondence on January 30, 2024. *See* ECF No. 146 at Exhibit B. In that correspondence, the Palisades Defendants reiterated their good faith attempts to serve subpoenas on Jefferson and Roseman Saint-Jean. *See Ibid*. The Palisades Defendants then respectfully requested that Plaintiff remove both Jefferson and Roseman Saint-Jean from Plaintiff's initial Rule 26 disclosures, given the

unavailability of both Jefferson and Roseman Saint-Jean. *See Ibid*. The Palisades Defendants also respectfully requested that Plaintiff agree not to rely on either Jefferson or Roseman Saint-Jean's testimony during dispositive motion practice and/or at trial, if necessary. *See Ibid*. The Palisades Defendants mistakenly asked Plaintiff to reply to their letter by no later than March 5, 2024, or alternatively, provide viable, confirmed addresses for Jefferson and Roseman Saint-Jean by March 5, 2024. *See Ibid*. On February 16, 2024, realizing the Palisades Defendants asked Plaintiff to provide a response by March 5, 2024, instead of February 5, 2024, the Palisades Defendants sent Plaintiff's counsel email correspondence explaining this mistake and asked Plaintiff to provide a response by no later than February 20, 2024.

Unfortunately, the Palisades Defendants again received no response from Plaintiff.

As a result of Plaintiff's continued failure to meet and confer on this substantial issue, the Palisades Defendants wrote to this Court on February 21, 2024. *See* ECF No. 146. In their letter, the Palisades Defendants renewed their request to have this Court conduct a status conference to secure Plaintiff's cooperation with the Palisades Defendants' continued attempts to comply with the Court's Amended Scheduling Order or, alternatively, to strike Jefferson and Roseman Saint-Jean from Plaintiff's Rule 26 disclosures and bar any reliance on their testimony during dispositive motion practice and/or at trial, if necessary. *See Ibid*. Plaintiff failed to respond to the Palisades Defendants letter.

Consequently, on February 29, 2024, this Court issued a text order compelling Plaintiff's counsel to provide the Palisades Defendants with any and all contact information for Jefferson and Roseman Saint-Jean. *See* ECF No. 147. This Court also reminded Plaintiff's counsel of their duty to meet and confer in good faith pursuant to Rule 37 and the Pretrial Scheduling Order. *See Ibid*.

In response to this Court's text order, Plaintiff's counsel only provided an updated address for Roseman Saint-Jean.[1] Plaintiff's counsel; however, only again provided the address of **369 Spring Street, Apt. #3, Brockton, MA 02301** for Jefferson Saint-Jean. Yet, this is the same address Plaintiff previously provided and

---

[1] The updated address for Roseman Saint-Jean resulted in a successful service of a deposition notice. Roseman Saint-Jean's deposition is presently scheduled for April 25, 2024; however, Roseman has failed to reach out to the undersigned counsel to confirm the deposition date and time.

an address which Palisades Defendants already attempted to serve. Plaintiff also provided a phone number for Jefferson Saint-Jean.

Thereafter, Plaintiff's counsel wrote to this Court and claimed the address provided for Jefferson Saint-Jean was "confirmed" by Plaintiff who "spoke with … Jefferson Saint-Jean directly." *See* ECF No. 148.

Accordingly, the Palisades Defendants, continuing their good faith attempts to obtain relevant and meaningful discovery, proceeded to, for a third time, serve Jefferson Saint-Jean at the address provided by Plaintiff. On March 19, 2023, DGR Legal, Inc., attempted to serve Jefferson Saint-Jean; however, DGR Legal, Inc., indicated the occupant who answered the door, Adrian Blanc, claimed Jefferson Saint-Jean was "unknown at this address. No further information given." *See March 19, 2024, Proof of Diligence from DGR Legal, Inc., attached hereto as Exhibit A.* The undersigned counsel also attempted to call Jefferson Saint-Jean's phone number as provided by Plaintiff's counsel; however, Jefferson Saint-Jean did not answer, nor did he return the undersigned counsel's voice mail.

Given the Palisades Defendants now third failed attempt to serve Jefferson Saint-Jean as a result of various incorrect addresses provided by Plaintiff, the Palisades Defendants sent Plaintiff correspondence on March 22, 2024 requesting that Plaintiff stipulate to remove Jefferson Saint-Jean from Plaintiff's Rule 26 disclosures and bar any reliance on his testimony or sworn written statements in this matter. Plaintiff failed to respond to that correspondence.

On April 2, 2024, the Palisades Defendants again wrote to Plaintiff asking for a response to the March 22, 2024 correspondence, indicating that this office hoped to avoid having to involve the Court. On April 3, 2024, Plaintiff's counsel sent correspondence, declining to remove Jefferson Saint-Jean from Plaintiff's Rule 26 disclosures, but indicated he will "keep trying to get a hold of him so that we can assist with service of the subpoena." Plaintiff's counsel also indicated he personally spoke with Jefferson Saint-Jean.

As a result of the above, the Palisades Defendants respectfully request this Court issue an order striking Jefferson Saint-Jean from Plaintiff's Rule 26 disclosures and barring any reliance on his testimony or sworn written statements during dispositive motion practice and/or at trial, if necessary. As outlined in the lengthy history in the multiple correspondence to this Court, the Palisades Defendants have thoroughly attempted to meet and confer and engage in good faith

attempts to serve subpoenas for the deposition of Jefferson Saint-Jean. Yet, Plaintiff has thwarted the Palisades Defendants ability to conduct the deposition of Jefferson Saint-Jean by providing multiple failed addresses. Plaintiff continues to demonstrate an ability to contact Jefferson Saint-Jean on multiple different occasions, but those efforts never seem to result in the subpoena being served on Jefferson Saint-Jean or his deposition being scheduled. Instead, Plaintiff's counsel continues to provide only vague last-minute assurances of "cooperation," and does that only when threatened with court intervention—despite this Court's clear reminder to Plaintiff's counsel about the obligation to meet and confer in good faith with this office.

The Palisades Defendants have gone above and beyond in and attempt to serve Jefferson Saint-Jean numerous times. They have incurred lost time and expense because of Plaintiff's inability or unwillingness to assist in the completion of the deposition of a person whom they identified in their initial disclosures and who is a close relative of the Plaintiff. The Palisades Defendants have been forced to continue discovery on three separate occasions given Plaintiff's last-minute offer of purported "updated" addresses for fact witnesses, only to have those addresses be dead ends. This has prolonged this case and caused the Palisades Defendants to incur further expenses and delay.

Thus, the Palisades Defendants respectfully request this Court enter an order striking Jefferson Saint-Jean from Plaintiff's Rule 26 disclosures and barring any reliance on his testimony or sworn written statements during dispositive motion practice and/or at trial, if necessary. To the extent that Plaintiff's oppose an outright bar order at this time, the Palisades Defendants respectfully request in the alternative that the Court enter an order that requires that Plaintiff arrange for Jefferson Saint-Jean to appear for a deposition by May 2, 2024, and actually appears on that date, failing which Jefferson Saint-Jean's name will be struck from Plaintiff's Rule 26 disclosures and Plaintiff will be barred from relying on his testimony or sworn written statements during dispositive motion practice and/or at trial.

If Your Honor wishes to conduct a conference to discuss this request, please advise, and we will make appropriate arrangements.

Thank you for Your Honor's attention to this matter.

April 4, 2024<br>Page 6

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

<u>/s/ Jae K. Shim</u>
Jae K. Shim
Deputy Attorney General
Attorney ID: 306432019

# EXHIBIT A

```
UNITED STATES DISTRICT COURT, DISTRICT OF
NEW JERSEY                                            Docket No.   2:19-CV-10680
FERNANDO SAINT-JEAN
```

**,Plaintiff(s)**

- against -

MICHAEL HOLLAND, ET AL

**,Defendant(s)**

PROOF OF DILIGENCE

I, THE UNDERSIGNED AM AND WAS ON THE DATES HEREIN MENTIONED, OVER THE AGE
OF EIGHTEEN YEARS AND NOT A PARTY TO THE ACTION, ATTEMPTED TO SERVE THE
FOLLOWING:

    COVER LETTER; SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

AND THAT AFTER DUE SEARCH, CAREFUL INQUIRY AND DILIGENT ATTEMPTS AT THE

    RESIDENCE:  369 SPRING STREET
                APT. #3
                BROCKTON MA 02301

    ALTERNATE: UNKNOWN

I HAVE BEEN UNABLE TO MAKE DELIVERY ON ONE OF THE FOLLOWING NAMED:

    JEFFERSON SAINT-JEAN

THEREFORE PROCESS IS BEING RETURNED FOR THE FOLLOWING REASONS:

03/19/24 11:00AM   THE SERVER SPOKE WITH THE CURRENT OCCUPANT,
                  ADRIAN BLANC, WHO STATED THAT THE SUBJECT
                  IS UNKNOWN AT THIS ADDRESS.
                  NO FURTHER INFORMATION GIVEN.
                  SERVER RETURNING THIS REQ. FOR FURTHER REVIEW

PERSON SERVING: THOMAS C. CABRAL